Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GEORGE M. MAROVICH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5940 | **DATE** | 8/7/2012 |
| **CASE TITLE** | Preston Robinson (#2012-0613163) vs. Chicago Police, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to proceed *in forma pauperis* [#3] is denied, without prejudice. The plaintiff is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his jail trust fund ledgers showing his income for the six months preceding the filing of this action [that is, from January 27, 2012, through July 27, 2012]. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide the plaintiff with a blank i.f.p. petition along with a copy of this order. The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, the Illinois Attorney General and law enforcement officials, have violated the plaintiff's constitutional rights by charging him a $100 annual fee to register as a sex offender. *See* 730 ILCS § 150/3(c)(6). The plaintiff contends that the registration fee requirement somehow denies him due process and equal protection.

The Clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with the rules of this court. An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, the plaintiff's i.f.p. petition is not certified, and he has failed to include copies of his jail trust fund ledgers.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

In short, if the plaintiff wants to proceed with this lawsuit, he must submit a certified i.f.p. petition, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from January 27, 2012, through July 27, 2012]. The Clerk will provide the plaintiff with a blank i.f.p. application. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

As a final concern, the court notes that multiple additional co-plaintiffs are listed in the caption of the complaint. However, Michael Scott, Flint Lee, Love Lovelace, Kelvin Broughton, and Larry Sharp are not considered co-plaintiffs because they neither signed the complaint on file nor filed applications for leave to proceed *in forma pauperis*. To become parties to this lawsuit, any additional co-plaintiffs must (1) sign an amended complaint, and (2) either pay the $350 filing fee or file a motion for leave to proceed *in forma pauperis*. The inmates are advised that, while Fed. R. Civ. P. 20(a) may permit joinder of several co-plaintiffs litigating their claim in one action, each co-plaintiff is obligated to pay a full, separate statutory filing fee. *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004). Furthermore, pursuant to *Boriboune,* 391 F.3d at 856, the plaintiffs are alerted to the risks under Fed. R. Civ. P. Rule 11 (sanctions for frivolous pleadings) and 28 U.S.C. § 1915(g) (the "strike-out" statute). Each litigant is accountable for his co-plaintiffs' claims; therefore, if one plaintiff is assessed a strike, any co-plaintiff will be assessed a strike as well. *Id.*