# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GEORGE M. MAROVICH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5940 | **DATE** | 9/25/2012 |
| **CASE TITLE** | Preston Robinson (#2012-0613163) vs. Chicago Police, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's renewed motion for leave to proceed *in forma pauperis* [#8] is granted. The court authorizes and orders Cook County Jail officials to deduct $5.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies) naming a proper defendant. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [**For further details see text below.**]     **Docketing to mail notices.**

## STATEMENT

     The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, the Illinois Attorney General and law enforcement officials, have violated the plaintiff's constitutional rights by falsely arresting him. More specifically, the plaintiff alleges that he was arrested for failing to register as a sex offender when he reported to the police station to register but was simply unable to pay the $100 annual fee.

     The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $5.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, the plaintiff must submit an amended complaint. The court will assume for purposes of initial review that arresting a sex offender for failing to register only because he cannot pay the registration fee deprives him of substantive due process. The statute in question specifically authorizes law enforcement agencies to waive the fee if the registrant is indigent. *See* 730 ILCS § 150/3(c)(6). However, the complaint on file does not name a proper defendant.

Neither "Chicago Police" nor "Illinois State Police" are suable entities. *See, e.g., Grey v. City of Chicago*, 159 F. Supp. 2d 1086, 1088 (N.D. Ill. 2001) (Kocoras, J.) (the Chicago Police Department is not an entity that can be sued); *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005) (state agencies, as "arms of the state," are immune from suit under the Eleventh Amendment).

Furthermore, the plaintiff has failed to state facts suggesting the direct, personal involvement of Illinois' Attorney General, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at the Attorney General's direction or with her knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The court discerns no basis for liability on the part of Attorney General Lisa Madigan.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. The amended complaint should name as defendants the officers who arrested him when he attempted to register (or, if he does not know their names, the name of a supervisor in a position to identify them, such as Chicago's Chief of Police or the Chief of the Illinois State Police, depending which law enforcement agency arrested him).

The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed.